# LAW OFFICES OF GENESIS A. PEDUTO
1373 Broad Street, Ste. 201
Clifton, New Jersey 07013
## Suzy Yengo, Of Counsel
Tel: 201 433 6705   Fax: 201 433 3618
Suzyroseesq@aol.com
(NJ 018041999)

_____

December 2, 2024

Hon. Christine P. O'Hearn, U.S.D.J.
United States District Court
Federal Building – US Court House
4th & Cooper Streets
Camden, New Jersey J 08101

      Re:    **Natasha Brooks Barbarino v. Galloway Twsp, et als.**
               U.S.D.C. Docket No. 24CV08237

Dear Judge O'Hearn:

      This law firm represents Plaintiff Natasha Brooks Barbarino in the above captioned matter. Per DE#9 Text Order, this letter is in response to the Order to Show Cause for the Request for Entry of Default, we submit the following:

*Request for Entry of Default*

      Plaintiff Brooks-Barbarino correctly requested an ***Entry of Default under Fed. R.Civ.P.55(a)*** against Galloway Township (See DE#8) filed on Monday, November 25, 2024. Heretofore, Defendant Galloway Township has neither filed a responsive pleading, nor sought an Extension of Time under *Fed.R.Civ.P. 6(b)* within the 21 days of being served, see *Fed.R.Civ.P. 12(a)(1)(A)(i)*. In fact, a letter citing Chamber's Individual Practices was filed even prior to Galloway Township entering a Notice of Appearance.

      The language to Fed.R.Civ.P.55(a) is mandatory as the Clerk **shall** enter default:
"(a) **Entry**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is

1

made to appear by affidavit or otherwise, **the clerk shall** enter the party's default." Fed.R.Civ.P. 55(a)

Defendant Galloway Township has neither filed a responsive pleading nor requested an extension under Fed.R.Civ.P.6.  In this instance, Defendant Galloway Township, as defaulting party, is deemed to have admitted all well pleaded allegations in the complaint.   Defendant Galloway Township would be required to file a motion to set aside an entry of default.

*Local Civil Rules and Individual Practices Do Not Take Precedence over Fed.R.Civ.P.55(a)*

It is clear under the Supremacy Clause and Fed.R.Civ.P. 1 that Federal Rules of Civil Procedure are in place for consistency, uniformity, within the courts of the Third Circuit, as well as all United States District Courts.   The local civil rules and certainly the Individual Practices of select jurists cannot exceed the authority Congress gave the Judicial Branch. The purpose of the Federal Rules of Civil Procedure is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Cited by 28 U.S.C. §2072 (Promulgation of the Rules by U.S. Congress).  In allowing Individual Practices to exceed the authority of Federal Rules of Civil Procedure, would be detrimental to "just, speedy, and inexpensive determination."  Now, the court has clearly already decided to allow the Defendant Galloway Township an inordinate amount of time to file a responsive pleading by filing an unsubstantiated motion to dismiss, so the Township's designated firm may "churn" the file and act as if they have no information that Galloway Township employees being onsite at 0700 at Plaintiff's residence on August 3, 2022.

Plaintiff did not respond to the Individual Practices request letter, as Defendant's counsel had not even filed a Notice of Appearance, nor contacted the undersigned and conferenced on their outstanding issues.   At that point, Defendant Galloway Township was in default.

In conclusion, the Court should allow the Clerk to Enter Default as the language is mandatory, i.e. **shall**, and Defendant Galloway Township would be left to applying the criteria which guide motions to set aside a default; answer the original complaint.

If you have any questions, I may be contacted at my office, (201) 433-6705 or via email suzyroseesq@aol.com.

                                                Very Truly Yours,

                                                *Suzy Yengo*

                                                Suzy Yengo, Esq.
                                                For the Firm

cc: Natasha Brooks Barbarino